992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll Richard OLSON, Plaintiff-Appellant,
v.
Lee THOMPSON, United States Attorney, Defendant-Appellee.
 No. 92-3112.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Carrol Richard Olson complained that his civil rights, and the rights of all Kansas prisoners who were required to post bond, were violated when United States Attorney Thompson did not require an appeal bond from Robert Stephan, Attorney General of Kansas. The district court found Olson's complaint was frivolous and dismissed the complaint under 28 U.S.C. § 1915(d). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for substantially the same reasons stated by the district court.
 
 
 3
 Olson must assert his own legal rights and cannot rest his constitutional claim on injury to others. See Bell & Howell Co. v. NLRB, 598 F.2d 136, 143 (D.C.Cir.), cert. denied, 442 U.S. 942 (1979). Therefore, we need not consider Olson's allegations of injury to other Kansas prisoners. Olson alleged that he, personally, was "denied bond with no reason in all courts contrary to the constitution of the United States." Record, doc. 2 at 4. This allegation, however, is general and conclusory. We agree with the district court that Olson's action lacks "an arguable factual or legal basis for imposing liability." Record, doc. 4 at 1.
 
 
 4
 We will not consider Olson's second claim on appeal, challenging the propriety of requiring bonds from convicted criminals in his situation, because he failed to raise this claim below. Finally, Olson's motion for sanctions and discipline of attorneys is DENIED.
 
 
 5
 Olson's motion to proceed in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3